IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS, | No. C 13-0633 LHK (PR) |
| Plaintiff, | ORDER DISMISSING CASE WITH LEAVE TO AMEND |
| v. | |
| A. HEDGPETH, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal with Leave to Amend
G:\PRO-SE\LHK\CR.13\Hearns633dwla.wpd

1    *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

       Plaintiff claims that on December 30, 2009, he was transferred from Kern Valley State Prison to Salinas Valley State Prison without his personal or legal materials. Plaintiff had ten boxes of property that should have been transferred to SVSP. When Plaintiff arrived at SVSP, he was told that none of his property was shipped with him. Plaintiff used the administrative appeals system to try to find out who failed to transport the boxes, and why the boxes were not shipped with him, but was unable to get any information. Plaintiff eventually filed a state habeas corpus petition, and the Superior Court ultimately denied the petition and concluded that the evidence suggested that Plaintiff's personal property was transferred on January 6, 2010. Plaintiff appears to allege that he is still missing some boxes of property. As an initial matter, as the complaint reads, the Court cannot ascertain what Plaintiff's constitutional claims are. Plaintiff does not request any particular relief. Nor does Plaintiff allege that any constitutional right was violated.

       Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee deprivation, a

Order of Dismissal with Leave to Amend
G:\PRO-SE\LHK\CR.13\Hearns633dwla.wpd    2

1  statutory provision for post-deprivation hearing or common law tort remedy for erroneous
2  deprivation satisfies due process).  California law provides such an adequate post-deprivation
3  remedy.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§
4  810-895).  Thus, to the extent Plaintiff is asserting a due process claim, it is DISMISSED with
5  prejudice.

6        The remainder of the complaint has deficiencies that require an amended complaint to be
7  filed.  First, the complaint does not comply with the requirement that the averments be "simple,
8  concise, and direct."  Here, Plaintiff has not provided the Court with sufficient information
9  necessary to determine what Plaintiff's claim for relief is against any Defendant.  "While a
10 complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide
11 the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
12 formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations
13 must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v.*
14 *Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted).  A complaint should be dismissed if
15 it does not proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at
16 570.

17       Plaintiff will be granted leave to amend to allege specifics.  In his amended complaint, he
18 must establish legal liability of each person for the claimed violation of his rights.  Liability may
19 be imposed on an individual defendant under section 1983 if the plaintiff can show that the
20 defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*,
21 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the
22 meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or
23 omits to perform an act which he is legally required to do, that causes the deprivation of which
24 the plaintiff complains.  *Id.* at 633.  Sweeping conclusory allegations will not suffice; Plaintiff
25 must instead "set forth specific facts as to each individual defendant's" deprivation of protected
26 rights.  *Id.* at 634.

27       Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will
28 be provided with thirty days in which to correct the deficiencies in his complaint as stated above.

Order of Dismissal with Leave to Amend
G:\PRO-SE\LHK\CR.13\Hearns633dwla.wpd    3

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-0633 LHK (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named Defendant(s) was involved in each cause of action, what each Defendant did, what effect this had on Plaintiff and what right Plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If Plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer Defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 6/3/13

LUCY H. KOH
United States District Judge