IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS, ) | No. C 13-0633 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER OF PARTIAL |
| ) | DISMISSAL; ORDER OF |
| v. ) | TRANSFER |
| ) | |
| A. HEDGPETH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses some defendants, and transfers this action to the Eastern District of California.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged deprivation was committed by a person acting under the color of state law. *West v.*
4  *Atkins*, 487 U.S. 42, 48 (1988).

5  B.    Plaintiff's Claims

6  Plaintiff claims that on December 30, 2009, he was transferred from Kern Valley State
7  Prison ("KVSP") to Salinas Valley State Prison ("SVSP") without his personal or legal
8  materials. Plaintiff had ten boxes of property that should have been transferred to SVSP. When
9  Plaintiff arrived at SVSP, he was told that none of his property was shipped with him. Plaintiff
10 used the administrative appeals system to find out who failed to transport the boxes, and why the
11 boxes were not shipped with him, but was unable to get any information. Plaintiff eventually
12 filed a state habeas corpus petition, and the Superior Court ultimately denied the petition,
13 concluding that the evidence suggested that plaintiff's personal property was transferred on
14 January 6, 2010. Plaintiff alleges that he is still missing some boxes of property. Further,
15 plaintiff claims that because of the deprivation of his legal property boxes, plaintiff was unable
16 to prosecute a pending state habeas petition, which caused the petition to be dismissed. Plaintiff
17 alleges that the deprivation of his legal materials denied him access to the courts.

18 A prisoner's constitutional right to litigate without interference encompasses the First
19 Amendment right to petition the government by filing civil actions that have a reasonable basis
20 in law or fact. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). This right does not
21 require prison officials to provide affirmative assistance in the preparation of legal papers, but
22 rather forbids states from erecting barriers that impede the right of access of incarcerated
23 persons. *Id.* The Ninth Circuit has held that "prisoners have a right under the First and
24 Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their
25 confinement to conclusion without *active interference* by prison officials." *Id.*; *see id.* at 1103-
26 04 (reversing district court and finding cognizable denial of access to courts claim based on
27 prisoner's allegations that he was repeatedly transferred between different facilities in order to
28 hinder his ability to litigate his pending civil lawsuits, prison officials seized and withheld all of

Order of Partial Dismissal; Order of Transfer
G:\PRO-SE\LHK\CR.13\Hearns633distrans.wpd            2

his legal files, and as a result of such actions several of his pending suits were dismissed). Destruction or confiscation of legal work may violate an inmate's right to access to the courts, *see Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989), if plaintiff can establish actual injury, *see Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).

Plaintiff names as defendants prison officials from both KVSP and SVSP, as well as Dependable Highway Express truck driver T. Terrance. Specifically, as to SVSP defendants, plaintiff names Warden Hedgpeth, Correctional Sergeant Jensen, Correctional Counselor Medina, Correctional Officer Halerman, Correctional Counselor Noland, and Warehouse Worker Perez.

Truck driver T. Terrance does not appear to be a state actor. A private individual does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Simply put, there is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Defendant T. Terrance is thus DISMISSED with prejudice.

Although plaintiff names Perez, plaintiff does not link him or his actions to any allegation of constitutional deprivation. Accordingly, Perez is DISMISSED.

The remaining SVSP defendants are DISMISSED for failure to state a cognizable claim against them. At most, plaintiff's allegations against them amount to negligence. As to defendant Halderman, plaintiff claims that Halderman was unable to give him the names of the individuals who transported plaintiff to SVSP. As to defendant Noland, plaintiff claims that Noland was unable to obtain the mailing address for "inmate transportation" so that plaintiff could determine the individuals' names who transported him from KVSP. As to defendant Medina, plaintiff claims that Medina gave plaintiff an address for the "transportation unit," but plaintiff's letter to that address was rejected because that address was intended to be used only for submission of third level inmate appeals. As to defendant Warden Hedgpeth, plaintiff asserts that, in response to the state court's order, Warden Hedgpeth and KVSP's Warden Harrington

1  gave the names of KVSP officials who took possession of plaintiff's boxes of property.  As to
2  defendant Jensen, plaintiff only claims that Jensen stated that plaintiff only received three boxes
3  of his property, none of which included plaintiff's legal property.
4        Plaintiff's claims against SVSP defendants, liberally construed, merely allege that the
5  SVSP defendants did not affirmatively assist him in preparing his legal papers to show that he
6  did not receive his boxes of legal property from KVSP.  This is insufficient to raise an inference
7  demonstrating that SVSP officials erected barriers preventing him from accessing the courts.
8  *See Silva*, 652 F.3d at 1102.  Based on the allegations presented, it is beyond doubt that plaintiff
9  can provide no set of facts against the named SVSP defendants in support of his claim which
10 would entitle him to relief.  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).
11 Accordingly, SVSP defendants are DISMISSED with prejudice for failure to state a claim.
12       The remaining defendants are KVSP defendants.  Because KVSP is located in the
13 Eastern District of California, venue properly lies in that district and not in this one.  *See* 28
14 U.S.C. § 1391(b).

## CONCLUSION

16       For the foregoing reasons, the Court hereby orders as follows:
17       1.    Defendants T. Terrance, Warden Hedgpeth, Correctional Sergeant Jensen,
18 Correctional Counselor Medina, Correctional Officer Halderman, Correctional Counselor
19 Noland, and Warehouse Worker Perez are DISMISSED with prejudice.
20       2.    This case is TRANSFERRED to the Eastern District of California.  *See* 28 U.S.
21 C. § 1406(a).  The Clerk shall terminate any pending motions and transfer the entire file to the
22 Eastern District of California.
23       IT IS SO ORDERED.
24 DATED:  10/3/13

                                                  LUCY H. KOH
                                                  United States District Judge